## WILLIAM BUTLER

v.

## WALLBAUM STONE & MINING COMPANY ET AL.

*Bond—Action of Debt—Conditioned to Supply Building Material—Damages.*

1.  Whether the sum stipulated to be paid upon breach of an agreement is to be taken as liquidated damages, or only as a penalty, will depend upon the intention of the parties as disclosed by the written contract.

2.  What was a reasonable time in which to make a payment in a given case, is a question of fact for the jury.

3.  In an action of debt based upon a bond given by a stone company, conditioned to furnish building material within a certain time and upon certain payments, a breach in this respect being alleged, this court holds that as a claim for liquidated damages the second count of the declaration was bad; that the third count, alleging special damages, was good, and that judgment for the defendant can not stand.

[Opinion filed May 25, 1893.]

In ERROR to the Circuit Court of Henderson County; the Hon. JOHN J. GLENN, Judge, presiding.

The plaintiff in error filed in the Circuit Court a declaration in debt containing three counts. The first is an ordinary count on a money bond for $2,000. The second count sets out a bond executed and delivered to the plaintiff on the 7th of September, 1886, for $2,000 by the Wallbaum Stone & Mining Company, principal, and W. W. Wood and James

Barry, sureties, showing conditions; that, whereas the company had failed to furnish certain stone necessary for the construction of a court house at Clarinda, Iowa, within the time limited by a contract made by it with the plaintiff before that time; and whereas, in consideration of the premises and the sum of $1,000 of the contract price for stone to be advanced by the plaintiff, the company had agreed to deliver all the second story belt course of stone by September 15, 1886, all the remainder required for superstructure by September 30, 1886, and the remainder of the stone as required by the original contract by October 25, 1886; and plaintiff had agreed to advance the said sum of $1,000 and all necessary sums for the payment of all stock required, as fast as the same should be delivered, and that if the stone should be delivered within the dates named, the bond would be void.    The count then avers that the plaintiff did advance the $1,000 as follows: $500 on the 13th of September, 1886, and $500 on the 22nd of September, 1886; that such advancements were made within a reasonable time after the execution and delivery of the bond; that he advanced all necessary sums for the payment for all stock required, and that he paid the contract price for the finished work as fast as the same was delivered, but that the company did not deliver the second story belt course of stone required for the superstructure of the court house building by the 15th of September, 1886; did not deliver the remainder of the stone required for the superstructure of the building by September 30, 1886, and did not deliver the remainder of the stone as required by the contract of October 25, 1886.    The count claims the sum of $2,000 as liquidated damages.    The third count sets out the same bond and alleges special damages as the result of the failure on the part of the principal to perform the conditions with reference to furnishing the stone.

A general demurrer to the entire declaration was sustained by the court and judgment rendered against the plaintiff for costs.

Messrs. KIRKPATRICK & ALEXANDER, for plaintiff in error.

Messrs. PEPPER & SCOTT, for defendants in error.

MR. JUSTICE HARKER.   The only question submitted to us is the sufficiency of a declaration in debt filed by the plaintiff in error.

There are three counts.   The first is on a money bond. It is in the usual and approved form and we can not understand why the Circuit Court sustained a demurrer to it.

The second count sets out a bond for $2,000 *in haec verba* and claims that sum as liquidated damages.   It is contended by the plaintiff in error that as the Wallbaum Stone & Mining Company, principal in the bond, was in default on a contract made by it with the plaintiff and was liable to the plaintiff in an action of assumpsit for that reason, and that the furnishing of the stone promptly was of vital importance to the plaintiff, who was erecting a large public building under contract with the county authorities of a county in Iowa, the circumstances in which the parties were placed show clearly that it was intended by the parties that in case of another default the defendant company should be liable in the sum of $2,000 as liquidated damages.   The only circumstances which we can consider, of course, are those disclosed by the obligation itself as set forth in the declaration. Whether the sum stipulated to be paid upon breach of an agreement is to be taken as liquidated damages, or only as a penalty, will depend upon the intention of the parties as disclosed by the written contract.   In the obligation before us it is not recited that the sum to be paid in case of default is to be taken as liquidated damages; nor can such an interpretation be placed upon it after a consideration of the whole tenor and subject of the agreement.   As a claim for liquidated damages the count was bad.

The third count sets out the bond *in haec verba*, and alleges special damages as the result of a failure on the part of the principal to perform the conditions.   That the plaintiff performed his part of the agreement and advanced the $1,000 within a reasonable time after the delivery of the bond, is clearly alleged.   Payment within a reasonable time

after the delivery of the bond was all that was required. What was a reasonable time was a question of fact for the jury.

We do not think the position of defendants in error, that the payment of the entire $1,000 was a condition precedent to the delivery of any stone under the contract, tenable. We gather from the recitals in the bond that the $1,000 was to assist the company in procuring stock; not to purchase the stock. The whole tenor of the instrument shows that it was the intention of the parties that the money should be advanced as needed by the company for that purpose.

In our opinion the count was sufficient.

*Reversed and remanded.*